# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

| | | |
|---|---|---|
| SUNLIGHT SAUNAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 04-2597-KHV |
| | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| SAUNA BY AIRWALL, | ) | |
| SUNDANCE SAUNA, INC., and | ) | |
| JOHN DOES 1-2 | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff Sunlight Saunas, Inc. (hereinafter "Sunlight") states the following for its Complaint against defendants Sauna by Airwall and Sundance Sauna, Inc., (collectively, the "Sauna Defendants"), and John Does 1-2 (collectively, the "Doe Defendants"):

1.      This is an action at law and in equity for tortious interference with contract, tortious interference with prospective business relationship, trademark infringement, false advertising, false description, cybersquatting, injury to business reputation, unfair competition, business defamation, and other tortious or deceptive trade practices arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Kansas state law.

2.      Sunlight is one of the largest sellers of custom built saunas in the Kansas-Missouri area, and sells its products throughout the United States and abroad. It has been recognized by the magazine *Entrepreneur* as one of the 100 fastest-growing entrepreneurial companies.

3.     Sunlight has, for a number of years, conducted substantial and continuing business under the trade name "Sunlight Saunas" and has registered "SUNLIGHT SAUNAS®" as its trademark. Sunlight has valid and enforceable rights in and to the trade name "Sunlight Saunas" and the trademark "SUNLIGHT SAUNAS®" that are protected by federal and state law.

4.     The Sauna Defendants are direct competitors of Sunlight and offer for sale various models of saunas that directly compete against Sunlight and its sauna products.

5.     The Sauna Defendants have engaged in a series of comparative advertisements, promotional initiatives, and sales statements targeting the custom built sauna market, which includes Sunlight's products. In these advertisements, initiatives, or statements the Sauna Defendants make a number of false or misleading claims and representations relating to the quality, safety, and characteristics of Sunlight and its saunas.

6.     In addition, upon information and belief, one or more of the Sauna Defendants, using presently unknown accomplices, (referenced herein as the Doe Defendants), have registered, authorized the registering, or acquiesced to the registering of the Internet website at "www.sunlightsaunas-exposed.com" with a domain name of "sunlightsaunas-exposed.com" which is confusingly similar to Sunlight's trade name "Sunlight Saunas", its trademark "SUNLIGHT SAUNAS®", and its official Internet website at "www.sunlightsaunas.com" that uses the domain name "sunlightsaunas.com."

7.     The Sauna Defendants' use of the domain name has not been authorized by Sunlight in any way. The Sauna Defendants are not connected with or affiliated with Sunlight in any way. The Sauna Defendants registration of the aforementioned website, and the use of its domain name, is likely to cause confusion and to deceive consumers and the public

- 2 -

regarding its source, dilutes and tarnishes the distinctive quality of Sunlight's trade name and trademark, and defames and disparages Sunlight's products and business.

8.      The Sauna Defendants' and the Doe Defendants' actions violate the Lanham Act, and Kansas statutory and common law.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.  This Court has personal jurisdiction over the defendants because they each have distributed or sold merchandise within this State; have engaged in acts or omissions within this State causing injury, have engaged in acts or omissions outside of this State causing injury within this State, have manufactured or distributed products used or consumed within this State in the ordinary course of trade; or have otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  In particular, this Court is the proper venue because the Sauna Defendants do business in this county, and because part of the events and actions of the Sauna Defendants and their agents, the Doe Defendants, that give rise to Sunlight's claims occurred in this county.

## THE PARTIES

11.     Plaintiff Sunlight Saunas, Inc. is a Missouri corporation with its office and principal place of business at 14119 Marshall Drive, Lenexa, Kansas  66215.

12.     Upon information and belief, Defendant Sauna by Airwall is a California corporation having its office and principal place of business at 8739 Artesia Boulevard, Bellflower, California  90706-6330.  This defendant's registered agent for service of process is C T Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

- 3 -

13.     Upon information and belief, Defendant Sundance Sauna, Inc. is a California corporation having its office and principal place of business at 4655 Cass Street, Suite 405, San Diego, California 92109-2812. This defendant's registered agent for service of process is Matt Thomas, 235 26th Avenue, Santa Cruz, California 95062.

14.     Upon information and belief, the fictitiously named defendants sued herein as Defendant Does 1 and 2, inclusive, and each of them, were in some manner responsible or legally liable for the events, actions, transactions, and circumstances alleged herein. The true names and capacities of these fictitiously named defendants, whether individual, corporate, associate, or otherwise, are at present unknown to the plaintiff, who will seek leave of this Court to amend this Complaint to assert the true names and capacities of these fictitiously named defendants when their names and capacities have become know to the plaintiff.

15.     Upon information and belief, the Doe Defendants, and each of them, were the agents, employees, partners, joint-venturers, coconspirators, owners, principals, or employees of the remaining defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of their agency, partnership, employment, conspiracy, ownership, or joint venture.

16.     Upon information and belief, the acts and conduct alleged herein of each Doe Defendant were known to, authorized by, or ratified by the Sauna Defendants, and each of them.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.     Upon information and belief, one or more of the Sauna Defendants is the registrant or owner of the commercial Internet website "www.sunlightsaunas-exposed.com" using the domain name "sunlightsaunas-exposed.com" (hereinafter the "website at issue") and

this defendant or defendants registered this domain name with Domains by Proxy, Inc. without the prior knowledge, permission, or consent of Sunlight.

18.    The domain name of the website at issue is essentially identical to Sunlight's trade name "Sunlight Saunas" and trademark "SUNLIGHT SAUNAS®" and is likely to cause confusion, mistake and deception among the consuming public.

19.    On information and belief, one or more of the Sauna Defendants created the website at issue so as to compete unfairly with Sunlight and profit from the establishment of the website by, for example, disparaging Sunlight's products, defaming Sunlight, confusing Sunlight's customers, diverting customers, sales, and profits away from Sunlight, and portraying Sunlight and its products in a bad light to the general consuming public.

20.    The website at issue uses and displays, without prior authorization or approval of Sunlight, Sunlight's trade name and trademark.

21.    On the website at issue, the Sauna Defendants state or imply that Sunlight uses heaters in its saunas that expose the sauna user's body to harmful and toxic levels of aluminum. The statement is false or misleading.

22.    On the website at issue, the Sauna Defendants state or imply that Sunlight does not use ceramic heaters. The statement is false or misleading.

23.    On the website at issue, the Sauna Defendants state or imply that Sunlight does not comply with required industry or safety standards and that its products are therefore unsafe. The statement is false or misleading.

24.    On the website at issue, the Sauna Defendants state or imply that Sunlight advertises that it is the manufacturer of its saunas. The statement is false or misleading.

- 5 -

1548395v1

25.     On the website at issue, the Sauna Defendants state or imply that Sunlight lies and makes false claims to its customers regarding the quality and characteristics of its products. The statement is false or misleading.

26.     Sunlight has continuously used the "SUNLIGHT SAUNAS®" trademark for a number of years, and has continuously used both the trade name "Sunlight Saunas" and the "SUNLIGHT SAUNAS®" trademark in conjunction with its business during that period. Both are prominently displayed on Sunlight's official Internet website at "www.sunlightsaunas.com."

27.     Sunlight's "SUNLIGHT SAUNAS®" trademark is well known and distinctive. Sunlight has used this mark in connection with its advertising activities, community awareness events, and to promote its image.

28.     Sunlight's trade name "Sunlight Saunas" is well known and distinctive. Sunlight has used its trade name in connection with its advertising activities, community awareness events, and to promote its image.

29.     Sunlight's "SUNLIGHT SAUNAS®" trademark is recognized by the public, which understands that the mark distinguishes and identifies Sunlight's goods and services.

30.     For years, Sunlight has extensively and continuously used and promoted the "SUNLIGHT SAUNAS®" trademark and its trade name in connection with its business. In recent years, annual sales of products sold have exceeded five million dollars.

31.     As a result of Sunlight's extensive use and promotion of its "SUNLIGHT SAUNAS®" trademark and its trade name, Sunlight has built up and now owns valuable goodwill that is symbolized by the trademark and trade name. The purchasing public has come to associate the "SUNLIGHT SAUNAS®" trademark and its trade name exclusively with

Sunlight. Sunlight's trademark and trade name are distinctive and have achieved significant secondary meaning.

### DEFENDANT SAUNA BY AIRWALL'S UNLAWFUL ACTIVITIES

32. Upon information and belief, Defendant Sauna by Airwall has continued, encouraged, and facilitated the dissemination of the false and misleading statements on the website at issue by providing a link to the website at issue to customers and potential customers of both Sauna by Airwall and Sunlight, or otherwise disseminating the information.

33. Defendant Sauna by Airwall has stated or implied, and continues to state or imply, in its advertising, on its corporate website at "www.saunasfactorydirect.com," and through its sales personnel or other employees, false or misleading information regarding Sunlight, including that Sunlight's heaters and emitters are 100% aluminum and consist of an inadequate amount of ceramic material.

34. Upon information and belief, Defendant Sauna by Airwall advertises and directly states or implies to customers and potential customers of both Sauna by Airwall and Sunlight that Sunlight uses heaters and emitters in its saunas that expose the sauna user's body to harmful and toxic levels of aluminum.

35. Upon information and belief, Defendant Sauna by Airwall has purposefully interfered with existing contracts between Sunlight and certain of its customers by providing the contracted-with customers various photographic images of a partially disassembled Sunlight sauna and stating or implying to the contracted-with customers that Sunlight's saunas are unsafe and dangerous and, therefore, that the contracted-with customers should terminate their respective contracts with Sunlight and purchase a product elsewhere.

36. Upon information and belief, Defendant Sauna by Airwall has purposefully interfered with existing business relationships between Sunlight and certain of its

- 7 -

potential or existing customers by providing the aforementioned customers with various photographic images of a partially disassembled Sunlight sauna or a link to the website at issue and stating or implying false or misleading information to the aforementioned customers regarding the quality, safety, and construction of Sunlight's custom built saunas with the intent of disrupting or terminating those customers' respective business relationship with Sunlight.

**DEFENDANT SUNDANCE SAUNAS' UNLAWFUL ACTIVITIES**

      37.    Upon information and belief, Defendant Sundance Saunas, Inc. has continued, encouraged, and facilitated the dissemination of the false and misleading statements on the website at issue by providing a link to the website at issue to customers and potential customers of both Sundance Saunas, Inc. and Sunlight, or otherwise disseminating the information.

      38.    Upon information and belief, Defendant Sundance Saunas, Inc. has purposefully interfered with Sunlight's existing contractual relations with certain customers by encouraging access to the false and misleading statements on the website at issue by providing a link to the website at issue to the contracted-with customers of Sunlight and stating or implying to the contracted-with customers that Sunlight's saunas are unsafe and dangerous and, therefore, that the contracted-with customers should terminate their respective contracts with Sunlight and purchase a product elsewhere.

      39.    Upon information and belief, Defendant Sundance Sauna has purposefully interfered with Sunlight's prospective business relationships between Sunlight and certain of its potential or existing customers by providing the aforementioned customers with a link to the website at issue and stating or implying false or misleading information to the aforementioned customers regarding the quality, safety, and construction of Sunlight's custom built saunas with

- 8 -

the intent of disrupting or terminating those customers' respective business relationship with Sunlight.

## COUNT I
(Tortious Interference with Contract)

40.     Sunlight repeats and incorporates by reference the allegations contained in paragraphs 1 – 39.

41.     Sunlight entered into numerous contracts with various customers for the sale of one or more of Sunlight's custom built saunas and sauna-related products to the aforementioned customers.

42.     The Sauna Defendants, and each of them, knew of some or all of the numerous contracts with the various Sunlight customers.

43.     The Sauna Defendants, and each of them, communicated with one or more of the various contracted-with customers of Sunlight, provided the customers with false or misleading information regarding Sunlight and its products, and intentionally procured the breach of the sale's contracts between Sunlight and the respective customers.

44.     The Sauna Defendants' aforementioned conduct was intentional, willful, and in bad faith

45.     The Sauna Defendants, and each of them, had no justification for procuring such a breach.

46.     Sunlight suffered actual damages as a result therefrom.

## COUNT II
(Tortious Interference with Prospective Business Relationship)

47.     Sunlight repeats and incorporates by reference the allegations contained in paragraphs 1 – 46.

- 9 -

48.     For the last several years, Sunlight has fostered, nurtured, and enjoyed business relationships with numerous and various customers.  In addition, each of the business relationships between Sunlight and the numerous and various customers included the real probability of future economic benefit to Sunlight by way of Sunlight's sale of one or more custom built saunas to each of the aforementioned customers.

49.     Upon information and belief, the Sauna Defendants, and each of them, knew of some or all of the business relationships between Sunlight and its numerous and various customers, as well as Sunlight's reasonable expectancy of obtaining future economic benefit therefrom.

50.     Upon information and belief, the Sauna Defendants, and each of them, communicated with one or more of the various potential customers with whom Sunlight had a business relationship and economic expectancy, and provided said potential customers with false or misleading information regarding Sunlight and its products, with the intent to disrupt or terminate the prospective business relationship between Sunlight and the respective customer.

51.     Many of those business relationships were disrupted or terminated.

52.     Upon information and belief, Sunlight possesses a reasonable certainty that, but for the conduct of the Sauna Defendants, Sunlight would have continued the otherwise disrupted or terminated business relationships or realized the aforementioned economic expectancy.

53.     Upon information and belief, the Sauna Defendants' aforementioned conduct was intentional, willful, and in bad faith.

54.     Sunlight has been damaged in an amount to be determined by the trier of fact as a direct or proximate result of the Sauna Defendants' aforementioned misconduct.

1548395v1

## COUNT III
(Common Law Trademark Infringement, Dilution, and Unfair Competition)

55.    Sunlight repeats and incorporates by reference the allegations in paragraphs 1 – 54.

56.    The Sauna Defendants' acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion to the irreparable injury of Sunlight as well as irreparable dilution of Sunlight's trademark unless restrained by this Court.  Sunlight has no adequate remedy at law for this injury.

57.    On information and belief, the Sauna Defendants, and each of them, acted with full knowledge of Sunlight's prior use of, and statutory and common law rights to, its "SUNLIGHT SAUNAS®" trademark and trade name and without regard to the likelihood of confusion of the public or likelihood of dilution created by the Sauna Defendants' subsequent use of Sunlight's trademark and other wrongful activities.

58.    The Sauna Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the good will associated with Sunlight's trademark and trade name to the great and irreparable injury of Sunlight.

59.    As a result of the Sauna Defendants' acts, Sunlight has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Sunlight is entitled to injunctive relief, to an accounting of the Sauna Defendants' profits, to damages, and to costs. In light of the deliberately fraudulent and malicious use of confusingly similar imitations of Sunlight's trademark and trade name, and the need to deter the Sauna Defendants from similar conduct, Sunlight additionally is entitled to punitive damages.

- 11 -

## COUNT IV
(Defamation)

60.     Sunlight repeats and incorporates by reference the allegations in paragraphs 1 – 59.

61.     On information and belief, the Sauna Defendants were fully aware that Sunlight is one of the largest sellers of custom built saunas in the Kansas-Missouri area, sells its saunas throughout the United States and abroad, and uses the "SUNLIGHT SAUNAS®" trademark and "Sunlight Saunas" trade name with its goods and services.

62.     On information and belief, the Sauna Defendants were fully aware of Sunlight's "SUNLIGHT SAUNAS®" trademark and trade name.

63.     On information and belief, the Sauna Defendants' activities, as described herein, were willfully and maliciously aimed at conveying the message that Sunlight's business practices violate or are below common industry standards, its products are unsafe, and to otherwise intentionally and specifically damage Sunlight's goodwill and reputation among the public, and the public's trust of Sunlight's business.

64.     These previously described defamatory acts of the Sauna Defendants have willfully and intentionally damaged Sunlight in an amount not as yet determined or ascertainable. At a minimum, however, Sunlight is entitled to injunctive relief, to an accounting of the Sauna Defendants' profits, to damages, and to costs.   In light of the deliberately defamatory and malicious conduct by the Sauna Defendants, and the need to deter the Sauna Defendants from similar conduct, Sunlight is additionally entitled to punitive damages.

## COUNT V
(Injurious Falsehood)

65.     Sunlight repeats and incorporates by reference the allegations in paragraphs 1 – 64.

1548395v1

66.     On information and belief, the Sauna Defendants were fully aware that Sunlight, who is one of the largest sellers of custom built saunas in the Kansas-Missouri area and sells its products throughout the United States and abroad, is dependent upon the public's perception of the quality and safety of its products.

67.     On information and belief, the Sauna Defendants' activities as described herein were willfully and maliciously aimed at conveying the message that Sunlight's business practices are untrustworthy, its products unsafe, and to otherwise intentionally and specifically damage Sunlight's goodwill and reputation among the public, and the public's trust of Sunlight's business.  Alternatively, the Sauna Defendants should have recognized that their activities, as described herein, would have the alleged effect upon Sunlight's reputation and business, but recklessly proceeded with said activity.

68.     On information and belief, the Sauna Defendants were cognizant that its activities, as described herein, contained statements that falsely conveyed the message that Sunlight's business practices were untrustworthy, its products are unsafe, and to otherwise intentionally and specifically damage Sunlight's goodwill and reputation among the public, and the public's trust of Sunlight's business.

69.     These previously described acts of injurious falsehood of the Sauna Defendants have willfully and intentionally damaged Sunlight in an amount not as yet determined or ascertainable.  At a minimum, however, Sunlight is entitled to injunctive relief, to an accounting of the Sauna Defendants' profits, to damages, and to costs.  In light of the deliberately malicious conduct by the Sauna Defendants, and the need to deter the Sauna Defendants from similar conduct, Sunlight is additionally entitled to punitive damages.

1548395v1

## COUNT VI
### (*Prima Facie* Tort)

70.     Sunlight repeats and incorporates by reference the allegations in paragraphs 1 - 69.

71.     Alternatively, the Sauna Defendants' acts, as described herein, constituted otherwise lawful acts.

72.     The Sauna Defendants' activities as described herein were willfully and maliciously aimed at injuring Sunlight by conveying the message that Sunlight's business practices are untrustworthy, its products are unsafe, and to otherwise intentionally and specifically damage Sunlight's goodwill and reputation among the public, and the public's trust of Sunlight's business.

73.     The Sauna Defendants' activities, as described herein, have willfully and intentionally damaged Sunlight by negatively impacting Sunlight's goodwill and reputation among the public and the public's trust of Sunlight's business.

74.     The Sauna Defendants lack justification for their activities as described herein.

75.     These previously described acts of *prima facie* tort of the Sauna Defendants have willfully and intentionally damaged Sunlight in an amount not as yet determined or ascertainable.  At a minimum, however, Sunlight is entitled to injunctive relief, to an accounting of the Sauna Defendants' profits, to damages, and to costs.  In light of the deliberately malicious conduct by the Sauna Defendants, and the need to deter the Sauna Defendants from similar conduct, Sunlight is additionally entitled to punitive damages.

## COUNT VII
(Wrongful Appropriation)

76.     Sunlight repeats and incorporates by reference the allegations in paragraphs 1 - 75.

77.     Sunlight did not at any time consent to the Sauna Defendants' use of its trade name "Sunlight Saunas" or its trademark "SUNLIGHT SAUNAS®".

78.     The Sauna Defendants have used its trade name "Sunlight Saunas" and its trademark "SUNLIGHT SAUNAS®" without Sunlight's consent.

79.     The Sauna Defendants have derived advantages and made substantial profits from the unauthorized and wrongful use of the trade name "Sunlight Saunas" and the trademark "SUNLIGHT SAUNAS®".

80.     The Sauna Defendants' unauthorized and wrongful use of the trade name "Sunlight Saunas" and the trademark "SUNLIGHT SAUNAS®" has damaged and will continue to damage Sunlight's good will, image, and good reputation.

81.     The Sauna Defendants' actions are willful, malicious, and in total disregard of Sunlight's rights and Sunlight is entitled to punitive damages.

## COUNT VIII
(Trademark Infringement in Violation of the § 32 of the Lanham Act, 15 U.S.C. § 1114)

82.     Sunlight repeats and incorporates by reference the allegations in paragraphs 1 – 81.

83.     Sunlight began using its "SUNLIGHT SAUNAS®" trademark, and registered that trademark, before the Sauna Defendants began using the term "Sunlight Saunas" and the phrase "Sunlight Saunas exposed."

84.     The Sauna Defendants' use of the term "Sunlight Saunas" and phrase "Sunlight Saunas exposed" is confusing similar to Sunlight's "SUNLIGHT SAUNAS®"

- 15 -

trademark, misappropriates the widespread recognition, reputation, and good will associated with Sunlight's trademark and trade name by consumers, and exploits consumers' association of safe and high quality custom built saunas with Sunlight's trademark.

85. The Sauna Defendants' use of the term "Sunlight Saunas" and the phrase "Sunlight Saunas exposed" is likely to cause confusion, or to cause mistake, or to cause deception as to the nature, characteristics, qualities, affiliation, connection, or association of Sunlight's products among the relevant purchasing public in interstate commerce and, therefore, violates § 32 of the Lanham Act, 15 U.S.C. § 1114.

86. The Sauna Defendants' conduct is willful, deliberate, and in bad faith.

87. Sunlight has been and is likely to continue to be damaged by the Sauna Defendants' use of the term "Sunlight Saunas" and the phrase "Sunlight Saunas exposed". Sunlight has no adequate remedy at law.

## COUNT IX
(False Advertising in Violation of the § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a))

88. Sunlight repeats and incorporates by reference the allegations in paragraphs 1 – 87.

89. The Sauna Defendants' false and misleading descriptions and representations misrepresent the nature, characteristics, and qualities of Sunlight's products and are material, expressly or impliedly false, and violate section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

90. The Sauna Defendants' false and misleading claims are likely to mislead and deceive consumers in interstate commerce into purchasing their products instead of Sunlight's products.

91. The Sauna Defendants' conduct is willful, deliberate, and in bad faith.

1548395v1

92.     The false and misleading descriptions and representations made by the Doe Defendants misrepresent the nature, characteristics, and qualities of Sunlight's products and are material, expressly or impliedly false, and violate section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

93.     Sunlight has been and is likely to continue to be damaged by these false and misleading claims in an amount to be determined by the trier of fact.  Moreover, these false and misleading claims will irreparably and unfairly harm Sunlight, including Sunlight's reputation and good will.  Sunlight is entitled to injunctive relief and to recover the Sauna Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### COUNT X
(False Description in Violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a))

94.     Sunlight repeats and incorporates by reference the allegations in paragraphs 1 – 93.

95.     The Sauna Defendants' false and misleading advertisements and representations misrepresent the nature, characteristics, and qualities of Sunlight's products and services, are material and literally false, and violate section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

96.     The Sauna Defendants' false and misleading advertisements and representations are likely to mislead and deceive consumers in interstate commerce into purchasing the Sauna Defendants' products instead of Sunlight's products.

97.     The Sauna Defendants' actions demonstrate an intentional, willful, bad faith, and malicious intent to trade on the goodwill associated with Sunlight's mark and trade name.

1548395v1

98.     The Sauna Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Sunlight, and Sunlight is entitled to injunctive relief and to recover the Sauna Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### COUNT XI
(Cybersquatting Pursuant to 15 U.S.C. § 1125(d))

99.     Sunlight repeats and incorporates by reference the allegations in paragraphs 1 – 98.

100.    Sunlight's trade name "Sunlight Saunas" and its "SUNLIGHT SAUNAS®" trademark are and were distinctive at the time the domain name "sunlightsaunas-exposed.com" was registered with Domains by Proxy, Inc., and at all other times relevant herein, pursuant to the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) (hereinafter the "Anticybersquatting Act").

101.    The aforementioned domain name is confusingly similar to Sunlight's trade name "Sunlight Saunas", its "SUNLIGHT SAUNAS®" trademark, and its official Internet website at "www.sunlightsaunas.com."

102.    Upon information and belief, the Sauna Defendants, through its use of the Doe Defendants, registered the domain name "sunlightsaunas-exposed.com" without the prior knowledge, permission, or consent of Sunlight.

103.    Upon information and belief, the Sauna Defendants' have had, and continue to have, a bad faith intent to profit from the registering of the domain name "sunlightsaunas-exposed.com" and the use thereon of the trade name "Sunlight Saunas" and the trademark "SUNLIGHT SAUNAS®" which is protected as a distinctive mark.

1548395v1

104. Upon information and belief, the Sauna Defendants and the Doe Defendants registered the aforementioned domain name with the intent to divert consumers from Sunlight's online Internet website located at "www.sunlightsaunas.com" to the website at issue, accessible under the aforementioned domain name, to harm the goodwill represented by Sunlight's mark for commercial gain and with the intent to tarnish or disparage Sunlight's name, reputation, mark, and products, and by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website at issue.

105. In addition, because the aforementioned domain name is confusingly similar to Sunlight's trade name "Sunlight Saunas", its "SUNLIGHT SAUNAS®" trademark, and its official Internet website at "www.sunlightsaunas.com", the aforementioned domain name has, in fact, caused Sunlight's name, reputation, trademark, and products to become tarnished and disparaged, and has caused confusion, deception, and mistake by creating the false and misleading impression that the website at issue is authorized, associated with, sponsored by or connected with Sunlight, or has the sponsorship, endorsement or approval of Sunlight.

106. The defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Sunlight's goodwill and reputation, for which Sunlight has no adequate remedy at law.

107. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Sunlight's trademark and trade name.

108. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Sunlight, and Sunlight is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, and to recover the Sauna Defendants' profits, actual damages,

- 19 -

enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a) and 1117 or, in the alternative, statutory damages of $100,000, pursuant to Section 3003(b) of the Anticybersquatting Act, 15 U.S.C. §§ 1125(d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sunlight Saunas, Inc. prays that:

1. Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons and entities acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently, from:

   a. Using the "SUNLIGHT SAUNAS®" trademark, the "Sunlight Saunas" trade name, or any other copy, reproduction, or colorable imitation or simulation of Sunlight's trademark or trade name in connection with the Sauna Defendants' goods or services;

   b. Using any trademark, service mark, name, logo, design, character or source designation of any kind on or in connection with the Sauna Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to the trademarks, service marks, trade name, names, or logos of Sunlight;

   c. Using any trademark, service mark, name, logo, design, character, or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Sunlight, or are sponsored

1548395v1

by, affiliated with, or authorized by or in any way connected or related to Sunlight;

d.  Using any trademark, service mark, name, logo, design, character, or source designation of any kind on or in connection with Defendants' goods or services that dilutes or is likely to dilute the distinctiveness of the trademark, service mark, trade name, or logo of Sunlight;

e.  Using any trademark, service mark, name, logo, design, character, or source designation of any kind on or in connection with Defendants' goods or services that defames or unlawfully disparages Sunlight or its products; and

f.  Registering, sponsoring, sanctioning, establishing, using, or continuing to use any website with a domain name that is confusingly similar to Sunlight's trade name "Sunlight Saunas", its trademark "SUNLIGHT SAUNAS®", its Internet website's domain name of "sunlightsaunas.com", or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2.  Defendants be ordered to deliver up for impoundment and for destruction all sauna-related materials, including but not limited to, correspondence, website postings, advertising, promotional material, merchandise materials, or other material in the possession, custody or under the control of the Sauna Defendants that are found to defame any of Sunlight's products or that otherwise unfairly compete with Sunlight and its products or services.

1548395v1

3.     The Sauna Defendants be ordered to create, distribute and broadcast corrective advertising sufficient to reasonably educate consumers that the Sauna Defendants' website at "www,sunlightsaunas-exposed.com" is in no way affiliated with, sponsored by, or associated with Sunlight and that the claims or representations thereon were false or misleading;

4.     The Sauna Defendants be compelled to account to Sunlight for any and all profits derived by the Sauna Defendants from the sale or distribution of infringing, diluting or otherwise unlawful goods as described in this Complaint;

5.     Sunlight be awarded all damages caused by the acts forming the basis of this Complaint;

6.     Defendants be required to pay to Sunlight the cost of this action and their reasonable attorneys' fees;

7.     Based on Defendant's knowing and intentional use of confusingly similar imitations of Sunlight's "SUNLIGHT SAUNAS®" trademark and its "Sunlight Saunas" trade name, the damages award be trebled and the award of the Sauna Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

8.     Defendants be required to pay to Sunlight the cost of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and any applicable state statutes;

9.     Based on the Sauna Defendants' willful and deliberate infringement, dilution and defamation of Sunlight's trademark, trade name, and reputation, and to deter such conduct in the future, Sunlight be awarded punitive damages; and

10.    Sunlight has such other and further relief as the Court may deem just and proper.

1548395v1

## <u>JURY TRIAL DEMAND</u>

Plaintiff Sunlight Saunas, Inc. respectfully demands a trial by jury on all claims and issues so triable and designates Kansas City as the place for trial.

Date:  December 16, 2004                SHOOK, HARDY & BACON L.L.P.


/s/ Kenneth P. Kula
Kenneth P. Kula, KS Bar No. 16372
kkula@shb.com
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Telecopier: (816) 421-5547

Attorneys for Plaintiff