# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SUNLIGHT SAUNAS, INC. | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2-04-cv-2597-KHV |
| | ) | |
| SUNDANCE SAUNA, INC., | ) | |
| SAUNAS BY AIRWALL | ) | |
| JOHN DOES 1-25 | ) | |
| | ) | |
| DEFENDANTS | ) | |

**SUNDANCE SAUNA INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
AND SUNDANCE SAUNA INC.'S COUNTERCLAIM**

COMES NOW, Defendant Sundance Sauna, Inc. ("Sundance"), and for its Answer to Plaintiff Sunlight Saunas, Inc.'s ("Sunlight" or "Plaintiff") Amended Complaint ("Complaint") states and alleges:

1.     In answer to Paragraph 1 of Plaintiff's Complaint, Sundance admits that the Complaint contains counts alleging the causes of action listed in Paragraph 1 of the Complaint, but denies that those counts are in any way valid, and denies each and every remaining allegation set forth in Paragraph 1 of the Complaint.

2.     In answer to Paragraph 2 of Plaintiff's Complaint, Sundance admits that Sunlight sells its products throughout the United States, but denies that those products include "custom-built saunas." Sundance states it is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 1 and, therefore, denies each and every allegation not herein specifically admitted.

3.     Sundance denies each and every allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.      In answer to Paragraph 4 of Plaintiff's Complaint, Sundance admits that some of its products compete with some of Sunlight's products, but denies that the parties directly compete with one another throughout their respective product lines.   Sundance states it is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 4 and, therefore, denies each and every allegation not herein specifically admitted.

5.      Sundance denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint.

6.      Sundance denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint.

7.      In answer to Paragraph 7 of Plaintiff's Complaint, Sundance admits that this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and that Sundance has distributed and sold merchandise within the State of Kansas, but denies each and every remaining allegation of Paragraph 7.

8.      In answer to Paragraph 8 of Plaintiff's Complaint, Sundance admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391, and denies each and every remaining allegation of Paragraph 8.

9.      Sundance admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.      Sundance admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.      Sundance admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.      In answer to Paragraph 12 of Plaintiff's Complaint, Sundance states that Paragraph 12 is not directed to it and, therefore, denies each and every allegation contained in this Paragraph 12.

21216633\V-1

13.     In answer to Paragraph 13 of Plaintiff's Complaint, Sundance states that Paragraph 13 is not directed to it and, therefore, denies each and every allegation contained in this Paragraph 13.

14.     Sundance denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint.

15.     Sundance denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.     Sundance denies each and every allegation contained in Paragraph 16 of Plaintiff's Complaint.

17.     Sundance denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

18.     Sundance denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint.

19.     Sundance denies each and every allegation contained in Paragraph 19 of Plaintiff's Complaint.

20.     Sundance denies each and every allegation contained in Paragraph 20 of Plaintiff's Complaint.

21.     Sundance denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint.

22.     Sundance denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

23.     Sundance denies each and every allegation contained in Paragraph 23 of Plaintiff's Complaint.

24.     In answer to Paragraph 24 of Plaintiff's Complaint, Sundance admits that Sunlight uses the trade name "Sunlight Saunas" in connection with its business, but Sundance states it is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 24 and, therefore, denies each and every allegation not herein specifically admitted.

25.     In answer to Paragraph 25 of Plaintiff's Complaint, Sundance admits that Sunlight has used the word "Sunlight" on its goods, but Sundance states it is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 25 and, therefore, denies each and every allegation not herein specifically admitted.

26.     In answer to Paragraph 26 of Plaintiff's Complaint, Sundance admits that Sunlight has used the word "Sunlight" on its goods, but denies each and every remaining allegation set forth in Paragraph 26 of Plaintiff's Complaint.

27.     Sundance denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.     In answer to Paragraph 28 of Plaintiff's Complaint, Sundance states that it is without sufficient knowledge to form a belief as to the allegations contained therein, and therefore denies each and every allegation contained in Paragraph 28.

29.     Sundance denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint.

30.     In answer to Paragraph 30 of Plaintiff's Complaint, Sundance states that Paragraph 30 is not directed to it and, therefore, denies each and every allegation contained in this Paragraph 30.

31.     In answer to Paragraph 31 of Plaintiff's Complaint, Sundance states that Paragraph 31 is not directed to it and, therefore, denies each and every allegation contained in this Paragraph 31.

4

32.     In answer to Paragraph 32 of Plaintiff's Complaint, Sundance states that Paragraph 32 is not directed to it and, therefore, denies each and every allegation contained in this Paragraph 32.

33.     In answer to Paragraph 33 of Plaintiff's Complaint, Sundance states that Paragraph 33 is not directed to it and, therefore, denies each and every allegation contained in this Paragraph 33.

34.     In answer to Paragraph 34 of Plaintiff's Complaint, Sundance states that Paragraph 34 is not directed to it and, therefore, denies each and every allegation contained in this Paragraph 34.

35.     In answer to Paragraph 35 of Plaintiff's Complaint, Sundance admits that it provided the link to the website at issue in this case to a limited number of third parties, but denies that doing so in any way amounted to wrongdoing, and denies each and every remaining allegation set forth in Paragraph 35 of Plaintiff's Complaint.

36.     Sundance denies each and every allegation contained in Paragraph 36 of Plaintiff's Complaint.

37.     Sundance denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint.

## Count I

38.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-37 herein.

39.     In answer to Paragraph 39 of Plaintiff's Complaint, Sundance states that it is without sufficient knowledge to form a belief as to the allegations contained therein, and therefore denies each and every allegation contained in Paragraph 39.

40.     Sundance denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint.

41.      Sundance denies each and every allegation contained in Paragraph 41 of Plaintiff's Complaint.

42.      Sundance denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint.

43.      Sundance denies each and every allegation contained in Paragraph 43 of Plaintiff's Complaint.

44.      Sundance denies each and every allegation contained in Paragraph 44 of Plaintiff's Complaint.

### Count II

45.      Sundance repeats and incorporates the responses set forth in Paragraphs 1-44 herein.

46.      In answer to Paragraph 46 of Plaintiff's Complaint, Sundance states that it is without sufficient knowledge to form a belief as to the allegations contained therein, and therefore denies each and every allegation contained in Paragraph 46.

47.      Sundance denies each and every allegation contained in Paragraph 47 of Plaintiff's Complaint.

48.      Sundance denies each and every allegation contained in Paragraph 48 of Plaintiff's Complaint.

49.      Sundance denies each and every allegation contained in Paragraph 49 of Plaintiff's Complaint.

50.      Sundance denies each and every allegation contained in Paragraph 50 of Plaintiff's Complaint.

51.      Sundance denies each and every allegation contained in Paragraph 51 of Plaintiff's Complaint.

52.      Sundance denies each and every allegation contained in Paragraph 52 of Plaintiff's Complaint.

6

53.     Sundance denies each and every allegation contained in Paragraph 53 of Plaintiff's Complaint.

## Count III

54.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-53 herein.

55.     Sundance denies each and every allegation contained in Paragraph 55 of Plaintiff's Complaint.

56.     Sundance denies each and every allegation contained in Paragraph 56 of Plaintiff's Complaint.

57.     Sundance denies each and every allegation contained in Paragraph 57 of Plaintiff's Complaint.

58.     Sundance denies each and every allegation contained in Paragraph 58 of Plaintiff's Complaint.

## Count IV

59.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-58 herein.

60.     In answer to Paragraph 60 of Plaintiff's Complaint, Sundance admits that it was aware during certain periods of time that Sunlight sells its products throughout the United States and uses the name "Sunlight Saunas," but denies each and every remaining allegation set forth in Paragraph 60 of Plaintiff's Complaint.

61.     In answer to Paragraph 61 of Plaintiff's Complaint, Sundance admits that it was aware during certain periods of time that Sunlight uses the name "Sunlight Saunas," but denies each and every remaining allegation set forth in Paragraph 61 of Plaintiff's Complaint.

62.     Sundance denies each and every allegation contained in Paragraph 62 of Plaintiff's Complaint.

63.     Sundance denies each and every allegation contained in Paragraph 63 of Plaintiff's Complaint.

<u>**Count V**</u>

64.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-63 herein.

65.     Sundance denies each and every allegation contained in Paragraph 65 of Plaintiff's Complaint.

66.     Sundance denies each and every allegation contained in Paragraph 66 of Plaintiff's Complaint.

67.     Sundance denies each and every allegation contained in Paragraph 67 of Plaintiff's Complaint.

68.     Sundance denies each and every allegation contained in Paragraph 68 of Plaintiff's Complaint.

<u>**Count VI**</u>

69.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-68 herein.

70.     Sundance denies each and every allegation contained in Paragraph 70 of Plaintiff's Complaint.

71.     Sundance denies each and every allegation contained in Paragraph 71 of Plaintiff's Complaint.

72.     Sundance denies each and every allegation contained in Paragraph 72 of Plaintiff's Complaint.

73.     Sundance denies each and every allegation contained in Paragraph 73 of Plaintiff's Complaint.

74.     Sundance denies each and every allegation contained in Paragraph 74 of Plaintiff's Complaint.

<u>**Count VII**</u>

75.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-74 herein.

8

76.     In answer to Paragraph 76 of Plaintiff's Complaint, Sundance admits the allegations contained therein and states further it had no duty to obtain the consent described therein.

77.     In answer to Paragraph 77 of Plaintiff's Complaint, Sundance admits the allegations contained therein and states further it had no duty to obtain the consent described therein.

78.     Sundance denies each and every allegation contained in Paragraph 78 of Plaintiff's Complaint.

79.     Sundance denies each and every allegation contained in Paragraph 79 of Plaintiff's Complaint.

80.     Sundance denies each and every allegation contained in Paragraph 80 of Plaintiff's Complaint.

## Count VIII

81.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-80 herein.

82.     Sundance denies each and every allegation contained in Paragraph 82 of Plaintiff's Complaint.

83.     Sundance denies each and every allegation contained in Paragraph 83 of Plaintiff's Complaint.

84.     Sundance denies each and every allegation contained in Paragraph 84 of Plaintiff's Complaint.

85.     Sundance denies each and every allegation contained in Paragraph 85 of Plaintiff's Complaint.

86.     Sundance denies each and every allegation contained in Paragraph 86 of Plaintiff's Complaint.

87.     Sundance denies each and every allegation contained in Paragraph 87 of Plaintiff's Complaint.

**Count IX**

88.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-88 herein.

89.     Sundance denies each and every allegation contained in Paragraph 89 of Plaintiff's Complaint.

90.     Sundance denies each and every allegation contained in Paragraph 90 of Plaintiff's Complaint.

91.     Sundance denies each and every allegation contained in Paragraph 91 of Plaintiff's Complaint.

**Count X**

92.     Sundance repeats and incorporates the responses set forth in Paragraphs 1-91 herein.

93.     Sundance denies each and every allegation contained in Paragraph 93 of Plaintiff's Complaint.

94.     Sundance denies each and every allegation contained in Paragraph 94 of Plaintiff's Complaint.

95.     Sundance denies each and every allegation contained in Paragraph 95 of Plaintiff's Complaint.

96.     Sundance denies each and every allegation contained in Paragraph 96 of Plaintiff's Complaint.

97.     Sundance denies each and every allegation contained in Paragraph 97 of Plaintiff's Complaint.

98.     Sundance denies each and every allegation contained in Paragraph 98 of Plaintiff's Complaint.

99.     Sundance denies each and every allegation contained in Paragraph 99 of Plaintiff's Complaint.

100.    Sundance denies each and every allegation contained in Paragraph 100 of Plaintiff's Complaint.

101.    Sundance denies each and every allegation contained in Paragraph 101 of Plaintiff's Complaint.

Sundance denies each and every allegation set forth in Plaintiff's Prayer for Relief.

### Affirmative Defenses

1.    Plaintiff's claims are barred by the doctrine of unclean hands.

2.    With regard to the allegations set forth in Count I and II (Tortious Interference with Contract, Tortious Interference with Business Expectancy), which allegations Sundance denies, Sundance has a competitor's privilege with respect to any of the allegations set forth therein.

3.    With regard to the allegations set forth in Count I (Tortious Interference with Contract), Count II (Tortious Interference with Business Expectancy), Count III (Unfair Competition), Count IV (Defamation), Count V (Injurious Falsehood), Count VI (Prima Facie Tort), Count VII (Wrongful Appropriation), Count VIII (False Advertising), Count IX (False Description), and Count X (Cybersquatting), if any statements alleged therein were made, which Sundance denies, any such statements were true and provide a complete defense to Plaintiff's claims.

4.    Plaintiff has failed to mitigate damages.

5.    Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, Defendant Sundance Sauna, Inc. prays to be discharged from this case, and for its reasonable costs and attorneys' fees herein incurred and expended.

11

## COUNTERCLAIM

### False Advertising (Lanham Act § 1125)

1.      This Court has original jurisdiction over the subject matter of this Counterclaim, because the Counterclaim arises under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.  28 U.S.C. §§ 1331, 1338.

2.      Counter-Defendant Sunlight operates a website at the Uniform Resource Locater (URL) www.sunlightsaunas.com (the "Sunlight Website").

3.      Sunlight advertises and promotes its products on the Sunlight Website.

4.      The Sunlight Website is an instrumentality of interstate commerce, in that it allows Sunlight to advertise and promote its products to consumers in every state.

5.      In addition, Sunlight distributes brochures to consumers throughout the United States, in which brochures Sunlight advertises and promotes its products (the "Brochures").

6.      The Sunlight Website contains at least three charts ("Charts"), in which Sunlight compares the characteristics of its sauna products to the characteristics of sauna products offered by, among others, Sundance.

7.      In the Charts that appear on the Sunlight Website, Sunlight refers to Sundance and others by name.

8.      On the Sunlight Website, Sunlight makes the claim that, "…we take extra precautions with EMF radiation by coating each wire with steel shielding: a Sunlight Exclusive."

9.      Sundance examined a Sunlight product with respect to which the claim outlined in paragraph 8 was made.  Sundance discovered several wires that were not coated with steel shielding.

10. Because Sunlight claims to coat "each wire" in its saunas with steel shielding to prevent EMF emissions, and some wires in its products are not so coated, Sunlight's representation that it coats each wire with steel shielding is false.

11. Sunlight's false representation regarding steel shielding of wires is material, because consumers make sauna purchasing decisions based, in part, on the presence or absence of, or the sauna's level of, EMF emissions, which may affect the safety of the sauna.

12. On the Sunlight Website, Sunlight claims that its sauna products contain no veneer. In particular, Sunlight claims "[n]o veneer sheets are used anywhere in this exceptional line…even the ceiling…."

13. Sundance examined a Sunlight product with respect to which the claim outlined in paragraph 12 was made. Sundance discovered that veneer sheets were used in the interior of the sauna to cover the heat control box and for the air vent. On the exterior, veneer sheets had been used on the roof cap, and veneer was used under the tongue-and-groove panels on the ceiling as well.

14. In addition, in a Chart that appears on the Sunlight Website, Sunlight claims that its sauna products are made with tongue and groove construction, while Sundance's sauna products are allegedly made with veneer.

15. Because Sunlight claims that its products are made without veneer, when those products do in fact contain veneer, Sunlight's representation that it uses no veneer is false.

16. Sunlight's false representation regarding use of veneer is material, because consumers make sauna purchasing decisions based, in part, on the presence or absence of veneer.

17. Sunlight has promoted consumers' use of information regarding veneer to affect purchasing decisions on the Sunlight Website, by featuring information claiming that veneer causes "toxic off-gassing."

13

18.     On the Sunlight Website, Sunlight claims that it is a "manufacturer" of its sauna products.  In particular, Sunlight claims, "We are proud to be an infrared sauna manufacturer, offering sauna kits… as an infrared sauna manufacturer…"

19.     Sunlight does not manufacture its sauna products with respect to which the claims outlined in paragraph 18 were made.  Rather, American Infrared Sauna Corporation manufactures those products.

20.     Because Sunlight claims that it manufactures its sauna products, when in fact it does not, Sunlight's representation that it manufactures its sauna products is false.

21.     Sunlight's false representation regarding its status as a manufacturer of saunas is material, because consumers are likely to be deceived into thinking, based on this misrepresentation, that Sunlight's products are superior to other sauna sellers' products because 1) Sunlight allegedly exercises a high degree of quality control over the construction of its sauna products, and that other sauna sellers that are not manufacturers do not exercise the same degree of control over the manufacturing process; and 2) that Sunlight has special knowledge of the construction of sauna products that other sauna sellers do not have.

22.     For at least one year prior to October 1, 2004, Sunlight claimed on the Sunlight Website and in other advertising media that its heaters were 100% ceramic.  Sunlight denied that its heaters contained aluminum.

23.     Sundance examined a Sunlight product with respect to which the claim outlined in paragraph 22 was made.  Sundance discovered that Sunlight's heaters were made of aluminum plates and a steel heating element, and that the front side of one of the two aluminum plates was coated with an unidentifiable pink material.  Thus, the heater was not "100% ceramic," as Sunlight had claimed.

14

24.     Because Sunlight claimed that its heaters were entirely made of ceramic, when in fact Sunlight's heaters were not made entirely of ceramic, but contained aluminum, steel, and other substances as well, Sunlight's representation that its heaters were entirely made of ceramic was false.

25.     Sunlight's false representation regarding its heaters' construction is material, because consumers make sauna purchasing decisions based, in part, on the presence or absence of ceramic and aluminum in heaters.

26.     On the Sunlight Website, in the Brochures, and through its officers, directors, and agents, Sunlight has made other false or misleading statements with respect to its own products and the products of Sundance.

27.     As a result of Sunlight's misrepresentations of fact with regard to its own products and Sundance's products, Sundance has lost sales to Sunlight.

28.     In addition, because of Sunlight's misrepresentations about its own products and Sundance's products, Sundance has been forced to expend capital and manpower to correct consumers' beliefs with regard to Sundance's products.

29.     The activities and statements of Sunlight outlined in paragraphs 1-28 infra constitute False Advertising in violation of the federal Lanham Act, 15 U.S.C. § 1125.

30.     Because Sunlight's misrepresentations have resulted in Sundance suffering lost sales, and, as a result, Sundance has been forced to take costly steps to correct its reputation with its customers and others in the marketplace, Sundance has thereby been damaged by Sunlight's misrepresentations.

31.     Sunlight's false and misleading statements were made willfully and with a bad faith intent to profit from diverting customers away from Sundance and other competitors, and therefore justify punitive damages.

15

WHEREFORE, Counter-Plaintiff Sundance prays for the following relief:

a)   That Counter-Defendant Sunlight be enjoined from making false or misleading statements with respect to its products or the products of Counter-Plaintiff Sundance; and

b)   That Sunlight be ordered to deliver for impoundment and destroy any advertising, promotional, or other materials, including without limitation, brochures, print advertisements, website content, and merchandising materials that contain false or misleading statements with respect to Sunlight's products or the products of Sundance; and

c)   That Sunlight be ordered to engage in corrective advertising sufficient to educate consumers as to the true characteristics of its own products and the products of Sundance; and

d)   That Sunlight be ordered to compensate Sundance for its lost profits, and any and all profits gained by Sunlight as a result of the false advertising outlined above; and

e)   That Sundance be awarded all its damages caused by Sunlight's false advertising; and

f)   That Sunlight be required to pay Sundance's costs and reasonable attorneys' fees; and

g)   Because of the willful nature of Sunlight's activities, that any damages awarded to Sundance be trebled and enhanced as provided in the Lanham Act; and

h)   For such other and further relief as the Court deems just and proper.

21216633\V-1

Dated March 4, 2005                      Respectfully submitted,

                                         SONNENSCHEIN NATH & ROSENTHAL LLP


                                         _____/s/ Rebecca S. Stroder _____
                                         Jerome T. Wolf          KS # 11840
                                         Rebecca S. Stroder      KS # 20648
                                         4520 Main Street, Suite 1100
                                         Kansas City, MO  64111
                                         (816) 460-2400
                                         (816) 531-7545 (FAX)
                                         jwolf@sonnenschein.com
                                         rstroder@sonnenschein.com
                                         ATTORNEYS FOR SUNDANCE SAUNAS, INC.

17

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2005, I served the above Answer to Plaintiff's First Amended Complaint and Counterclaim with the Clerk of the Court using the electronic filing (ECF) system, which sent copies of same to the following parties via email:

>Kenneth Kula, Esq.
>Shook Hardy & Bacon LLP
>2555 Grand Street
>Kansas City, MO 64106
>kkula@shb.com
>ATTORNEY FOR PLAINTIFF


>Jon K. Lowe, Esq.
>Jon K. Lowe Law Office
>17 West Linwood Blvd.
>Kansas City, MO 64111
>mailbox@jlowe.com
>ATTORNEY FOR CO-DEFENDANT SAUNAS BY AIRWALL, INC.



>     /s/ Rebecca Stroder
>ATTORNEY FOR SUNDANCE SAUNAS, INC.

18