## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SUNLIGHT SAUNAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 04-2597-KHV** |
| SUNDANCE SAUNA, INC. and | ) | |
| BRIGHTON SAUNA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VERDICT

We, the jury, duly impaneled and sworn, upon our oaths, present the following answers to the questions submitted by the court:

### Sunlight's Claims Against Sundance

1.   Do you find by a preponderance of the evidence under Instruction No. 12 that Sundance is liable to Sunlight for defamation under Kansas law?

Yes___✓___                    No_____

A.   If so, state the amount of damages for any injury to reputation which you find by a preponderance of the evidence that Sunlight sustained on account of that defamation:

$__2,500_____

B.   If so, state the amount of any punitive damages which you find by clear and convincing evidence should be awarded under Instruction No. 20 on account of any extraordinary misconduct by Sundance:

$_150,000_____

2.    Do you find by a preponderance of the evidence under Instruction No. 15 that Sundance is liable to Sunlight for false advertising under the Lanham Act?

Yes____✓____                              No_____

A.    If so, state the amount of any damages which you find by a preponderance of the evidence that Sunlight sustained on account of that false advertising:

$___/_____

B.    If so, do you find that defendant made any false statement intentionally, with knowledge that it was false or misleading?

Yes_____✓____                         No_____

3.    Do you find by a preponderance of the evidence under Instruction No. 16 that Sundance is liable to Sunlight for false description under the Lanham Act?

Yes____✓____                              No_____

A.    If so, state the amount of any damages which you find by a preponderance of the evidence that Sunlight sustained on account of that false description:

$___|_____

B.    If so, do you find that defendant acted intentionally, with knowledge that its use was likely to cause confusion, mistake or deception as to the affiliation or connection between Sunlight and the domain name, web site or e-mail account, or whether Sunlight approved, sponsored or was associated with the domain name, web site or e-mail account.

Yes____✓____                              No_____

4.     Do you find by a preponderance of the evidence under Instruction No. 18 that Sundance is liable to Sunlight for cybersquatting under the Anticybersquatting Consumer Protection Act?

Yes_____                    No_____✓_____


## Sunlight's Claims Against Brighton

5.     Do you find by a preponderance of the evidence under Instruction No. 12 that Brighton is liable to Sunlight for defamation under Kansas law?

Yes_____                    No_____✓_____

A.     If so, state the amount of damages for any injury to reputation which you find by a preponderance of the evidence that Sunlight sustained on account of that defamation:

$_____

B.     If so, state the amount of any punitive damages which you find by clear and convincing evidence should be awarded under Instruction No. 20 on account of any extraordinary misconduct by Brighton:

$_____

6.     Do you find by a preponderance of the evidence under Instruction No. 15 that Brighton is liable to Sunlight for false advertising under the Lanham Act?

Yes_____                    No_____✓_____

A.     If so, state the amount of any damages which you find by a preponderance of the evidence that Sunlight sustained on account of that false advertising:

$_____

B.     If so, do you find that defendant made any false statement intentionally, with knowledge that it was false or misleading?

Yes_____                 No_____

7.     Do you find by a preponderance of the evidence under Instruction No. 16 that Brighton is liable to Sunlight for false description under the Lanham Act?

Yes_____                 No___✓___

A.     If so, state the amount of any damages which you find by a preponderance of the evidence that Sunlight sustained on account of that false description:

$_____

B.     If so, do you find that defendant acted intentionally, with knowledge that its use was likely to cause confusion, mistake or deception as to the affiliation or connection between Sunlight and the domain name, web site or e-mail account, or whether Sunlight approved, sponsored or was associated with the domain name, web site or e-mail account.

Yes_____                 No_____

8.     Do you find by a preponderance of the evidence under Instruction No. 18 that Brighton is liable to Sunlight for cybersquatting under the Anticybersquatting Consumer Protection Act?

Yes_____                 No___✓___

### Sundance's Claims Against Sunlight

9.     Do you find by a preponderance of the evidence under Instruction No. 23 that Sunlight is liable to Sundance for false advertising under the Lanham Act?

Yes___✓___                 No_____

A.    If so, state the amount of any damages which you find by a preponderance of the evidence that Sundance sustained on account of that false advertising:

$___/_____

B.    If so, do you find that Sunlight made any false statement intentionally with knowledge that it was false or misleading?

Yes___✓___                              No_____

## Brighton's Claims Against Sunlight

10.   Do you find by a preponderance of the evidence under Instruction No. 23 that Sunlight is liable to Brighton for false advertising under the Lanham Act?

Yes___✓___                              No_____

A.    If so, state the amount of any damages which you find by a preponderance of the evidence that Brighton sustained on account of that false advertising:

$___/_____

B.    If so, do you find that Sunlight made any false statement intentionally, with knowledge that it was false or misleading?

Yes___✓___                              No_____

May 2, 2006
DATE